IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

vs.                                                          No.  09cv0956 JEC/DJS

TRICORE REFERENCE LABORATORIES,
a New Mexico Corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Compel Production of Documents Improperly Withheld as Privileged **[Doc. No. 20]** filed on March 30, 2010, and fully briefed on April 22, 2010.  Defendant Tricore Reference Laboratories (Tricore) moves the Court for an order compelling the Equal Employment Opportunity Commission (EEOC) to produce all documents Tricore claims the EEOC is improperly withholding as privileged.  Tricore also requests reasonable costs and attorney fees incurred in filing of this motion.

## II.  Discussion

### A.  Inadequate Privilege Log

Tricore complains that the EEOC's privilege logs are inadequate, making it difficult for it to make a reasoned judgment as to whether the EEOC's privilege claims are valid.  Tricore contends that on March 4, 2010, the EEOC served its Initial Disclosures on Tricore along with its privilege log.  Tricore complained to the EEOC regarding what Tricore felt was the EEOC's inadequate privilege log.  Tricore claimed the EEOC's privilege log was inadequate because it

(1) failed to identify the author of the claimed privileged document(s); (2) failed to identify to whom the document was disseminated; (3) failed to state the purpose of the document(s); and (3) failed to state why the EEOC determined the document(s) to be privileged.

In response to Tricore's complaints, the EEOC provided Tricore with a revised Privilege Log on March 15, 2010. Tricore contends the EEOC's revised Privilege Log is still inadequate as the EEOC did nothing more than "amend" its privilege log but failed to provide more specific information that would enable Tricore to determine the propriety of the claimed privilege.

Rule 26(b)(5) governs privilege logs and states:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED.R.CIV.P. 26(b)(5)(A) (i)& (ii). The Court has reviewed the EEOC's revised Privilege Log and Exhibit A to Ms. Berrien's Declaration and finds Exhibit A more than adequately apprises Tricore of the nature of each document, the author and date of each document, and the privilege asserted for each document. *See* Mot. Compel; Ex. D(revised Privilege Log) & Doc. No. 37-1, Ex. A to Berrien Declaration.

### B.  Deliberative Process Privilege, Attorney-Client Privilege and Work Product Doctrine

Tricore also complains that the EEOC has withheld approximately ninety (90) pages of documents from its investigative file based on privilege. The EEOC withheld these documents claiming they were protected under the attorney work product doctrine, the attorney client privilege, the governmental deliberative process privilege, and statutory or other privilege. Mot. Compel at 2. The EEOC also claimed its internal processing information had no relevance to the

2

claims or defenses of the parties.  Resp. at 3.  Tricore claims many of the EEOC's investigative file documents do not appear to be immune from discovery.

On May 6, 2010, Tricore filed its Supplemental Authority in Support of its Motion to Compel Production of Documents Improperly Withheld as Privileged (Doc. No. 34), arguing the EEOC has not properly invoked the deliberative process privilege as required by law.  In support of its argument, Tricore submitted the pertinent section of the EEOC's Regional Attorney's Manual, which sets out the specific manner in which the EEOC must assert the deliberative process privilege.  *See* Doc. No. 34, Ex. 1.  In order to formally invoke the privilege, the EEOC must obtain . . . a declaration signed by the Chair of the EEOC.  *See* Doc. No. 34, Ex. 1, p.4 (Regional Attorneys' Manual, Part 3, Sec. 11.A (Deliberative Process Privilege)).  Tricore points out that the EEOC failed to provide a declaration signed by the Chair of the EEOC, and thus the Court should grant its motion.

In response to Tricore's argument, on May 19, 2010, the EEOC filed its Supplemental Exhibit to Plaintiff EEOC's Response in Opposition to Defendant's Motion to Compel Production of Documents Improperly Withheld as Privileged (Docket No. 20).  *See* Doc. No. 37. The EEOC filed a Declaration of Jacqueline A. Berrien, Chair of the United States Equal Employment Opportunity Commission, formally invoking the governmental deliberative process privilege.

The attorney-client privilege "protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his or her capacity as a legal advisor."  *United States v. Phelan*, 3 Fed.Appx, 716, 718 (10th Cir. 2001).  The privilege is narrowly construed.  *Fisher v. United States*, 425 U.S. 391, 403 (1976).  A party claiming the

attorney-client privilege must prove its applicability.  *Foster v. Hill (In re Foster),* 188 F.3d 1259, 1264 (10th Cir. 1999).

On the other hand, "the work-product doctrine shelters the mental processes of the attorney, providing a privileged area with which he can analyze and prepare his client's case." *In re Qwest Communications Int'l Inc.*, 450 F.3d 1179, 1186 (10th Cir. 2006)(quoting *United States v. Nobles,* 422 U.S. 225, 238 (1975)).  "Work product can be opinion work product, which some courts have held to be absolutely privileged, or non-opinion work product, i.e., fact work product, which may be discoverable under appropriate circumstances." *Id.*  The protection applies to "attorneys' or legal representatives' mental impressions, conclusions, opinions, or legal theories authored in anticipation of litigation."  *Grace v. United Methodist Church v. City of Cheynne,* 451 F.3d 643, 668 (10th Cir. 2006).  "The party asserting a work product privilege as a bar to discovery must prove the doctrine is applicable." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995).

The deliberative process privilege "protects documents, such as advisory opinions, recommendations, and deliberations, that reflect how government decisions are made." *Dep't of the Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8, 121 S.Ct. 1060 (2001).  "The deliberative process privilege may include materials generated by agency employees as well as consultants." *Id.* at 10-12, 121 S.Ct. 1060.  "To qualify for the deliberative process privilege, a document must be both predecisional and deliberative." *Poll v. U.S. Office of Special Counsel*, No. 99-4021, 2000 WL 14422 (10th Cir. 1999).  "It is deliberative when it is 'actually related to the process by which policies are formulated' and decisions made." *Id.* *(*quoting *Grand Cent. Partnership v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999)).   However, the

privilege does not protect factual information, even if such information is contained in an otherwise protectable document as long as the information is severable. *E.E.O.C. v. Texas Hydraulics, Inc.*, 246 F.R.D. 548, 551 (E.D. Tenn. 2007). "[T]he key issue in applying this exception is whether disclosure of the materials would expose an agency's decisionmaking process in such a way as to discourage discussion within the agency and thereby undermine the agency's ability to perform its functions." *E.E.O.C. v. Texas Hydraulics, Inc.*, 246 F.R.D. at 551 (quoting *Rugiero v. United States Dep't of Justice,* 257 F.3d 534, 550 (6th Cir. 2001)).

Tricore contends the EEOC asserts the "deliberative process privilege" for 24 of its 27 entries on its revised Privilege Log. Tricore points out that the EEOC claims the privilege as to entries 1, 3, 4, 5, 13, 16, 17, 20, and 24 of the revised Privilege Log under its "internal charge processing procedures" but fails to provide an explanation as to why these documents would be privileged. Mot. Compel at 7; Ex. B.

As previously noted, since the filing of Tricore's motion to compel, the EEOC filed the Declaration of Jacqueline A. Berrien, formally invoking on behalf of the Commission the governmental privilege for deliberative processes. Exhibit A, attached to Ms. Berrien's Declaration, describes each document set forth in the EEOC's revised Privilege Log. Ms. Berrien declares she personally reviewed each document, claiming the "withheld documents or portions of documents contain employee analyses, advice, recommendations, conclusion, internal procedures and other information protected from disclosure by the deliberative privilege." Berrien Decl. ¶2. Ms. Berrien also asserts that "disclosure to individuals outside the Commission of the information withheld as described in Exhibit A would inhibit the free

expression of opinions by Commission employees" and "disclosure would materially impair the Commission's ability to enforce the statutes within ins authority." *Id.* ¶3.

The Court has reviewed Exhibit A and it appears that the EEOC has met its burden of establishing that the privilege applies to most of the challenged documents. It is not clear to the Court whether the EEOC has met its burden as to Document Nos. 3a, 5, 8, 9, 16, 19 and 24. Nonetheless, the Court will conduct an *in camera* review of <u>all</u> documents. The EEOC shall submit for *in camera* review the documents set forth in Exhibit A, attached to Declaration of Jacqueline A. Berrien (Document No. 37-1), within seven (7) days from the date of the filing of this Memorandum Opinion and Order.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Production of Documents Improperly Withheld as Privileged **[Doc. No. 20]** is deferred pending an *in camera* review of all challenged documents..

**IT IS FURTHER ORDERED** that the EEOC submit for *in camera* review the documents set forth in Exhibit A, attached to Declaration of Jacqueline A. Berrien (Document No. 37-1), within seven (7) days from the date of the filing of this Memorandum Opinion and Order.

                                              _____
                                              **DON J. SVET**
                                              **United States Magistrate Judge**