IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

vs.                                                                  No. 09-CV-956 JEC/DJS

TRICORE REFERENCE LABORATORIES,
A New Mexico Corporation,

                Defendant.


## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Plaintiff EEOC's Motion for Leave to Amend First Amended Complaint (Opposed)*, filed March 11, 2010 (Doc. 12)("Motion"). Having considered the Motion, the record, the parties submissions, and the governing authority, I find the Motion well-taken and it will be granted.

Plaintiff Equal Employment Opportunity Commission ("EEOC") moves the Court pursuant to Fed.R.Civ.P. 15(a) for leave to amend its First Amended Complaint to more comprehensively plead a claim for punitive damages on behalf of Charging Party Rhonda Wagoner-Alison. Specifically, EEOC attaches to its Motion a proposed Second Amended Complaint which adds allegations of "malice or reckless indifference to [Wagoner-Allison's] federally protected rights" in support of a punitive damages claim alluded to in its Amended Complaint. *See Motion, Ex. A*. The Court notes that Defendant Tricore Reference Laboratories ("Tricore") addressed the punitive damages claim in its Answer to Plaintiff's Second Amended

Complaint. Tricore opposes the Motion, however, contending that EEOC's proposed amendment would be futile because the punitive damages claim cannot survive summary judgment.

Rule 15(a) governs, dictating that the "court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a). Tenth Circuit Court of Appeals precedent established a limitation on this principle, stating that "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit has further articulated that "a proposed amendment is futile if the complaint, as amended, would be subject to dismissal. The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim. . ." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999)(internal citation omitted).

Here, Defendant's contention that the proposed amendment would be futile because it cannot survive summary judgment is premature. The heart of Tricore's argument is that there is no substantive merit in what it has already recognized as EEOC's punitive damages claim, not merely that the amendment is futile as contemplated by *Frank*. Accordingly, Tricore's challenge to the merits of the existing claim is properly the subject of a motion for summary judgment and the Court will permit EEOC to amend its Amended Complaint because justice so requires.

WHEREFORE,

**IT IS ORDERED** that *Plaintiff EEOC's Motion for Leave to Amend First Amended Complaint (opposed)*, filed March 11, 2010 (Doc. 12) is **GRANTED**.

Dated July 22, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE