IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

v.                                       Case No. 09-CV-956 JEC/DJS

TRICORE REFERENCE LABORATORIES,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *TriCore's Memorandum Motion for Summary Judgment* (Doc. 76), filed October 29, 2010 ("Motion"). Having reviewed the parties' submissions and the relevant law, the Court finds the Motion is well-taken and should be GRANTED.

**I.    BACKGROUND**

This lawsuit arises out of Defendant TriCore's employment of Plaintiff following her ankle surgery in May 2007. Plaintiff argues that TriCore failed to reasonably accommodate her disability pursuant to the Americans with Disabilities Act ("ADA")[1] and, further, that it unlawfully terminated her for requesting reasonable accommodations. *Pre-Trial Order* (Doc. 92) at 4. TriCore denies any unlawful employment practices and claims that Plaintiff is not a "qualified individual" with a disability to whom the ADA applies. *Id.* at 5. As to Plaintiff's termination, TriCore contends that summary judgment is appropriate because it is undisputed

---

[1]For purposes of summary judgment only, TriCore does not dispute that Plaintiff is disabled within the meaning of the ADA.

that Plaintiff "failed to perform her duties adequately, making numerous and repeated errors that put patients' health in jeopardy." *Id.* at 6.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A "genuine" issue of fact exists where the evidence is such that a reasonable jury could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In order to state a *prima facie* claim for discrimination on account of a disability, Plaintiff must show that a genuine issue of material fact exists on each of three points: (1) Plaintiff is a disabled person under the ADA; (2) Plaintiff is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) the employer discriminated against the Plaintiff on account of the Plaintiff's disability. *Johnson v. Weld County*, 594 F.3d 1202, 1217 (10th Cir. 2010).

Absent evidence as to any of the above-referenced elements, TriCore may prevail on summary judgment "simply by pointing out to the court a lack of evidence for [] an essential element of the [plaintiff's] claim." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir.2003) (citations omitted). In other words, Defendant TriCore does not necessarily have to produce evidence negating Plaintiff's *prima facie* case in order to prevail on summary judgment. *Id.*

On the other hand, to the extent there is sufficient evidence for a reasonable jury to find that Plaintiff has sustained her *prima facie* burden, the burden shifts to TriCore to offer a

legitimate nondiscriminatory reason for its employment decision.  *Johnson*, 594 F.3d at 1217 (internal citations omitted).  Assuming TriCore is able to articulate such a reason, the burden then shifts back to Plaintiff to show a genuine issue of material fact as to whether the articulated reason is pretextual.  *Id.* (internal citations omitted).

## III.    DISCUSSION

The undisputed material facts in this case are as follows.  Plaintiff worked for TriCore as a Clinical Lab Assistant II ("CLA II"), a position which required one-third to two-thirds of her time spent standing, walking, sitting, and reaching with hands/arms.  Approximately one-third of Plaintiff's time as a CLA II was expected to be spent climbing, balancing, stooping, kneeling, crouching, or crawling.  Plaintiff admits that standing and walking are essential functions of the CLA II position.[2]

On May 18, 2007, Plaintiff underwent surgery on her right ankle.  TriCore granted Plaintiff leave pursuant to the Family Medical Leave Act ("FMLA") from May 18, 2007 through August 10, 2007.  Plaintiff's physician permitted Plaintiff to return to work "non-weight bearing *Desk Duty only* until further notice" on June 11, 2007.  Subsequently, on August 8, 2007, Plaintiff's physician informed TriCore that "Plaintiff was unable to return to work for 3 months after her surgery to allow for healing of her surgical site."  Thereafter, TriCore granted Plaintiff an extended leave of absence through August 20, 2007.  According to Plaintiff's physician,

---

[2]TriCore served requests for admission in this case seeking Plaintiff's admission or denial that both walking and standing are "one of the essential functions of the CLA II (phlebotomist) position at TriCore."  Plaintiff admitted both requests subject to and without waiving objections that the requests are vague and ambiguous.  Rather than addressing her admissions or explaining how the requests are vague or ambiguous, Plaintiff purports to dispute TriCore's proposed fact by pointing to TriCore's CLA II Position Description form, which does not specifically list "standing" or "walking" among the "Essential Functions" identified.  Given that the Position Description form lists standing and walking among the "Physical Demands" of the position, the Court finds no genuine dispute.  In light of Plaintiff's admissions and the Position Description form, a reasonable jury cannot find that standing or walking are not necessary or required in the CLA II position.

Plaintiff was able to return to work as of August 20, 2007 "on light duty, desk type position @ 8 hrs/day" provided that she "limit walking or standing to 1-2 hours per day intermittently" with the understanding that "she cannot climb/balance/stoop/kneel/crawl/push/pull/lift."

In order to comply with the limitations noted by her physician, TriCore returned Plaintiff to work as a CLA II on a reduced schedule, with her function limited exclusively to registering patients—i.e., entering information such as the patient's name and physician, the tests to be performed, and the type of insurance, among other things, into a computer. Plaintiff committed numerous errors in this capacity, posing a threat to patient safety.³ Plaintiff's performance did not improve even after verbal coaching, so, on September 17, 2007, she was placed on unpaid leave for three weeks and encouraged to apply for other positions within TriCore.

Although Plaintiff did not apply for other positions at TriCore, she did apply for Social Security benefits, representing that she had "difficulty walking for any length of time due to pain and weakness in [her] right ankle." Plaintiff also stated that she "do[es] not attempt to do household chores that require [her] to lift, carry, stand for prolonged periods, reach far above [her] head or walk outside because these movements are difficult for [her] due to poor balance, fatigue, and increased pain and weakness in [her] right ankle." With regard to "completing tasks," Plaintiff said she "move[s] very slowly due to fatigue, limited mobility and pain in [her] right ankle. [She] ha[s] difficulty standing and walking to complete tasks. When [she] stand[s] and walk[s] for any length of time, [she] ha[s] pain in her ankle and [she] become[s] very fatigued. [She] require[s] at least an hour of rest after attempting to stand and walk for five to 10 minutes." Moreover, "[a]fter trying to walk for longer than 15 steps," Plaintiff reported, "I have

---

³Although Plaintiff purports to dispute this fact, she offers only her own self-serving testimony in support, whereas TriCore provides supportive documentation and testimony for Plaintiff's errors from multiple witnesses. *See Part III.B. infra*.

to sit down to rest for at least an hour."

### A. Plaintiff's Ankle Injury Rendered Her Unable to Perform the Essential Functions of Her Job, With or Without Accommodation

The ADA does not require employers to modify the essential functions of a position in order to accommodate disabled employees. *Duvall v. Georgia-Pacific Consumer Prods., L.P.*, 607 F.3d 1255, 1262 (10th Cir. 2010); *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1178 (10th Cir. 1999) ("Although some 'job restructuring' may be required, if the job restructuring goes to the modification of essential job requirements and is substantial, it is not required.") (citation omitted); *see also* 29 C.F.R. pt. 1630 App. § 1630.2( o) ("An employer ... is not required to reallocate essential functions").

The position occupied by Plaintiff at all times relevant to this lawsuit was a CLA II. Plaintiff admits that standing and walking are essential functions of the position; indeed, the written job description notes that one-third to two-thirds of a CLA II's time is spent standing or walking. Viewing the facts in the light most favorable to Plaintiff, her physician released her for, at most, "non-weight bearing *Desk Duty only* until further notice." However, by Plaintiff's own admission, she requires at least an hour of rest anytime she tries to walk more than 15 steps. Thus, according both to Plaintiff and to her physician, she was not able to perform the essential functions of her job and was therefore not an "otherwise qualified individual with a disability" to whom the ADA applies. *Jarvis v. Potter*, 500 F.3d 1113, 1121 (10th Cir.2007) ("[O]ne who cannot perform the essential functions of the job, even with a reasonable accommodation, is not an 'otherwise qualified' individual").

Plaintiff argues that her statements in support of Social Security disability benefits do not show that she was unable to perform the essential functions of the CLA II position. *Resp.* at 12-15. She represents that her statements made to SSA do not take the possibility of reasonable

accommodation into account. *Id.* at 13. While this may be true with regard to legal conclusions of disability, Plaintiff does not explain how her factual contentions—e.g., her representation that she "require[s] at least an hour of rest after attempting to stand and walk for 5 to 10 minutes"—are consistent with her ADA claim that she can perform the essential functions of the CLA II position. *See, e.g., Cleveland v. Policy Mgmt. Systems Corp.*, 526 U.S. 795, 798, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999) (holding that "an ADA plaintiff cannot simply ignore her SSDI contention that she was too disabled to work. To survive a defendant's motion for summary judgment, she must explain why that SSDI contention is consistent with her ADA claim that she could 'perform the essential functions' of her previous job, at least with 'reasonable accommodation'"). The Court finds there is no possible explanation how Plaintiff's representations that she cannot stand or walk 15 steps (or for 5-10 minutes) without an hour of rest is consistent with an ability to stand or walk for two-thirds of her time as a CLA II.

Plaintiff contends that she was able to perform sedentary work, and that TriCore should have accommodated her by limiting her duties to desk work. In fact, since non-sedentary work constituted essential functions of the CLA II position, TriCore was not required to eliminate these functions (such as drawing patients' blood) from the position as an accommodation for Plaintiff's alleged disability.

### B. The Undisputed Material Facts Do Not Show Discrimination by TriCore Against Plaintiff Due to Her Disability

Although it was not required to do so, TriCore attempted to accommodate Plaintiff by eliminating standing and walking from her job description for a limited period of time. The Court declines to presume that TriCore's actions in this regard constitute an admission that standing and/or walking are not essential functions of the CLA II position. However, assuming *arguendo* that standing and walking were not essential functions such that it would have been a

reasonable accommodation for TriCore to create a a completely sedentary position for Plaintiff, the undisputed material facts reveal no discrimination against Plaintiff on the basis of her disability.  TriCore declined to continue Plaintiff's sedentary assignment not because of her disability but because of the numerous errors she committed.

It is not disputed that Plaintiff committed numerous errors in registering patients. TriCore has produced business records and testimony demonstrating that such errors occurred. Specifically, the individual who provided Plaintiff training in registration procedures, Shannon Cowboy, testified regarding a "verbal coaching" she provided to Plaintiff in reference to Plaintiff's misentries.  *Motion* at 14 & Exs. O & P.  Other testimony provided by TriCore establishes that Plaintiff's error rate was "extremely high" in comparison to other employees responsible for registering patients.  *Motion* at 14 & Ex. Q.  *See also id.* at Ex. M (noting that "there were errors in [Plaintiff's] work" and that "[Plaintiff] did not really get better as it relates to errors" even after TriCore advised her to slow down).  Plaintiff purports to dispute this fact, claiming that she "was not committing numerous errors."  *Resp.* at 10.  However, Plaintiff offers only her own testimony that she does not recall meeting with supervisors about her typing speed or error rate and that she only heard about her errors "more recently in the depositions and stuff than I had when I was there."  *Resp*. at Ex. 3[4]: 182 & 295-96.  Plaintiff's own self-serving statements are not sufficient to create a genuine dispute of material fact.  *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991).  Although Plaintiff also argues that she is not listed on TriCore's error logs as having committed any errors in August 2007, *Resp.* at 7 & Exs. 25-26, TriCore explains that the error logs provided by Plaintiff include only Registration Specialists, a job title not applicable to Plaintiff, *Reply* at 9.  In short, the undisputed material facts provide no

---

[4]Plaintiff purports to attach pages 175-76 of her deposition, but these pages are not available in the exhibits provided by Plaintiff or by TriCore.

evidence of discrimination by TriCore against Plaintiff on the basis of her disability.

## IV.	CONCLUSION

Plaintiff has failed to prove a *prima facie* case of discrimination under the ADA in two ways.  First, Plaintiff has not shown that she was able to perform the essential functions of her CLA II position.  Second, Plaintiff has shown no discrimination due to her disability.  To the contrary, the undisputed material facts show that TriCore removed Plaintiff from her temporary sedentary assignment as a result of the numerous errors she was committing in that capacity.  For these reasons, *TriCore's Memorandum Motion for Summary Judgment* (Doc. 76), filed October 29, 2010, is GRANTED, and Plaintiff's Complaint is hereby dismissed with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:
Gwendolyn Young Reams, Esq.
James L. Lee, Esq.
Washington, D.C.

Mary Jo O'Neill, Esq.
Nancy E. Griffiths, Esq.
Richard I. Sexton, Esq.
Sally C. Shanley, Esq.
Phoenix, AZ

Attorneys for Defendant:

Alex Cameron Walker, Esq.
Lisa Mann, Esq.
Albuquerque, NM