IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                        Case No. 09-CV-956 JEC/DJS

TRICORE REFERENCE LABORATORIES,
A New Mexico Corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Plaintiff EEOC's Expedited Opposed Motion to Extend Time for Appeal Pursuant to Fed.R.App.P. 4(a)(5)(A)*, filed April 7, 2011 (Doc. 111). The Court notes that Defendant TriCore Reference Laboratories opposes this Motion. No further response is necessary.

### I.    BACKGROUND

This lawsuit arises out of TriCore's employment of Rhonda Wagoner-Alison. On Ms. Wagoner-Alison's behalf, Plaintiff EEOC asserted claims that TriCore unlawfully discriminated against Ms. Wagoner-Alison by failing to reasonably accommodate her disability and by terminating her for requesting reasonable accommodation. The Court granted Defendant's Motion for Summary Judgment and dismissed all claims with prejudice. *See generally Memorandum Opinion and Order*, filed February 7, 2011 (Doc. 96). TriCore subsequently filed its *Motion for Order Deeming the EEOC's Claims as Frivolous, Unreasonable, or Without Foundation*, filed February 23, 2011 (Doc. 97).

Plaintiff EEOC's deadline to appeal the Court's summary judgment order is February 8, 2011, or sixty days from the date of the February 7, 2011 Memorandum Opinion and Order pursuant to FED.R.APP.P. 4(a)(1)(B).  As good cause for the requested extension, Plaintiff argues that the Court's disposition of TriCore's *Motion for Order Deeming the EEOC's Claims as Frivolous, Unreasonable, or Without Foundation* "may affect the parties' determination of whether, and if so which rulings, to appeal." *Expedited Motion* at 2.

## II.     LEGAL STANDARD

Rule 4 of the Federal Rules of Appellate Procedure permits parties such as Plaintiff EEOC, which is an agency of the United States, sixty days after the judgment or order appealed from to appeal a civil case.  FED.R.APP.P. 4(a)(1)(B).  The Court may extend the time to file a notice of appeal upon a showing of excusable neglect or good cause.  FED.R.APP.P. 4(a)(5)(A)(ii).  But the maximum extension permitted is "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." FED.R.APP.P. 4(a)(5)(C).

Compared with the standard for "excusable neglect" under FED.R.APP.P. 4(a)(5)(A)(ii), the standard for "good cause" is "less clear," but it is generally considered to be "more lenient than the 'excusable neglect' standard, and is left to the discretion of the district court." *See* JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶304.14[2][b] (3d ed. 2011). The Court notes that the Committee Notes to FED.R.APP.P. 4 note that the standard for "good cause" under Rule 4(a)(5) is the same as the standard under FED.R.APP.P. 26, which pertains to computing and extending time.  *Id.*  Under FED.R.APP.P. 26, "[i]nattendance to office chores and good faith mistakes are not sufficient to show good cause." *See id.* at ¶ 326.12[1] (collecting cases from the Fifth, Seventh, and Ninth Circuit Courts of Appeal).

.)

**III.   DISCUSSION**

Although the "good cause" standard for extending Plaintiff's time in which to appeal is less than clear, the Court believes the EEOC has demonstrated good cause for the extension in this case. The Court understands that its disposition of TriCore's *Motion for Order Deeming the EEOC's Claims as Frivolous, Unreasonable, or Without Foundation* may affect EEOC's decision whether to appeal. While the Court will approve the maximum 30-day extension in this case, it does not promise that it will be able reach and decide TriCore's *Motion for Order Deeming the EEOC's Claims as Frivolous, Unreasonable, or Without Foundation* within that timeframe.

**IV.   CONCLUSION**

Finding good cause for *Plaintiff EEOC's Expedited Opposed Motion to Extend Time for Appeal Pursuant to Fed.R.App.P. 4(a)(5)(A)*, filed April 7, 2011 (Doc. 111), the Motion is GRANTED. Plaintiff EEOC is permitted an additional thirty days in which to file its notice of appeal, or, by the Court's calculation, until Monday, May 9, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:
Gwendolyn Young Reams, Esq.
James L. Lee, Esq.
Washington, D.C.

Mary Jo O'Neill, Esq.
Nancy E. Griffiths, Esq.
Richard I. Sexton, Esq.
Sally C. Shanley, Esq.
Phoenix, AZ

Counsel for Defendant:
Alex Cameron Walker, Esq.
Lisa Mann, Esq.
Albuquerque NM