IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.                                                                                              Case No. 09-CV-956 JEC/DJS

TRICORE REFERENCE LABORATORIES,
A New Mexico Corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant TriCore Reference Laboratories' *Motion for Order Deeming the EEOC's Claims as Frivolous, Unreasonable, or Without Foundation* (Doc. 97), filed February 23, 2011 ("Motion"). Having reviewed the parties' submissions and the relevant law, the Court will GRANT the Motion.

**I.     BACKGROUND**

Plaintiff Equal Employment Opportunity Commission ("EEOC") brought this action on behalf of TriCore's former employee, Rhonda Wagoner-Alison, alleging that TriCore failed to reasonably accommodate Ms. Wagoner-Alison's disability pursuant to the Americans with Disabilities Act ("ADA") and, further, that it unlawfully terminated her for requesting reasonable accommodations. *See Pre-Trial Order* (Doc. 92) at 4. The Court granted summary judgment on both claims in favor of TriCore. *See Memorandum Opinion and Order* (Doc. 96), filed February 7, 2011. The Court found that Ms. Wagoner-Alison was unable to perform the essential functions of her job either with or without accommodation. Specifically, Ms. Wagoner-Alison was not able to stand or walk, and she admitted in discovery that standing and walking were essential functions of her phlebotomist position. *See id.* at 5. Moreover, the

undisputed material facts in the case revealed that after TriCore created a temporary data-entry position for Ms. Wagoner-Alison that did not involve standing or walking, Plaintiff committed numerous errors.  *See id.* at 7.  Finding no evidence that the termination of Plaintiff's employment was discriminatory, the Court granted TriCore's motion for summary judgment.  *See id.* at 8.

## II.     LEGAL STANDARD

In the instant Motion, TriCore seeks its attorney's fees pursuant to 42 U.S.C. § 12205, which provides

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.  The standard for awarding fees to defendants under this statute is more stringent than awards to plaintiffs: "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).  Where a claim is initially viable but later becomes frivolous, unreasonable, or groundless, yet the plaintiff continues to pursue it, attorney's fees may also be in order.  *See id.*  Although the Supreme Court decided *Christiansburg* pursuant to Title VII, the Tenth Circuit has held that claims for attorney's fees pursuant to the ADA should be treated the same as such claims made pursuant to Title VII.  *Roe v. Cheyenne Mountain Conf. Resort, Inc.*, 124 F.3d 1221, 1232 (10th Cir. 1997).

Although the Tenth Circuit has not adopted any criteria for determining whether a claim

is "frivolous, unreasonable, or groundless," it is clear that "a district court should resist the understandable temptation to engage in *pos hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22.  The Eleventh Circuit has identified three factors to consider: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.  *Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1559 (11th Cir. 1995).  The United States District Court for the District of Colorado utilized these factors in *Hughes v. Regents of Univ. Of Colo.*, where the court ultimately declined to award fees to a defendant in a Title VII case "[b]ecause there was prima facie evidence of sex discrimination in the summary judgment record."  967 F.Supp. 431, 441 (D.Colo. 1996).

### III.    DISCUSSION

TriCore takes the position that attorney's fees should be awarded in the present case under all three of the factors recited above.  Initially, TriCore argues that the EEOC knew it could not establish a prima facie case for failure to accommodate under the ADA from the outset of the litigation, or at least by April 8, 2010, when the EEOC admitted in response to TriCore's requests for admission that standing and walking were essential functions of Ms. Wagoner-Alison's phlebotomist position.  *Motion* at 9.  As for Ms. Wagoner-Alison's claim that she was terminated based on her disability, TriCore contends that the EEOC knew by April 16, 2010 – or at least by June 4, 2010 when TriCore sent the EEOC a letter outlining the insufficiencies of their claims – that it could not establish a prima facie case.  *Id.* at 10-15.  Tri-Core claims, with respect to the second *Christiansburg* factor, that the EEOC started out with an unreasonable settlement position position – offering to accept backpay, reinstatement, compensatory damages

of $100,000, punitive damages of $50,000, policy revisions, and unspecified reporting requirements – but only became more unreasonable as discovery continued, seeking $240,000 in damages, plus injunctive relief.  *Motion* at 15.  By contrast, TriCore notes that it attended the May 5, 2010 settlement conference in good faith, offering to settle for $5,000 despite its belief that Ms. Wagoner-Alison's claims were unfounded.  *Id.* at 16.  Regarding the third *Christiansburg* factor, TriCore asserts that the EEOC's dismissal on summary judgment suggests that it should receive attorney's fees given that "the burden on the party resisting a summary judgment motion is so minimal."  *Motion* at 18 (quoting *EEOC v. Clay Printing Co.*, 13 F.3d 813, 815 (4th Cir. 1994) (internal citations omitted)).

        **A.**     **TriCore Did Not Waive Any Right to Attorney's Fees.**

The EEOC's main argument in opposition to TriCore's Motion is that TriCore has waived its claim to attorney's fees because it did not file an application for attorney's fees prior to March 14, 2011.  *Pl.'s Opp. to TriCore's Motion for Order Deeming the EEOC's Claims as Frivolous, Unreasonable, or Without Foundation* at 2-5 (Doc. 104), filed March 28, 2011 ("Response").  Given that TriCore filed its Motion, which very clearly seeks attorney's fees under the applicable authority, on February 23, 2011, the Court finds no merit in this argument.  The fact that TriCore did not submit time records with its Motion will not preclude the Court's consideration of the Motion in this case, where the Court must first find that the EEOC's claims were frivolous, unreasonable or groundless before any fee is awarded.

        **B.**     **The EEOC's Claims Are Frivolous, Unreasonable, and Without Foundation.**

The Court cannot find that the EEOC's failure-to-accommodate claim in this case was not frivolous or that it was reasonable and/or with foundation.  It was the EEOC's prima facie burden in this case to show that Ms. Wagoner-Alison was qualified, with or without reasonable

4

accommodation, to perform the essential functions of the phlebotomist position at issue.  *See Johnson v. Weld County*, 594 F.3d 1202, 1217 (10th Cir. 2010).  A "reasonable accommodation" does not include requiring an employer to substantially restructure or reallocate essential job requirements.  *See Duvall v. Georgia-Pacific Consumer Prods., L.P.*, 607 F.3d 1255, 1262 (10th Cir. 2010); *Smith v. Midland Brake, Inc.* 180 F.3d 1154, 1178 (10th Cir. 1999); 29 C.F.R. § 1630.2(o).  Despite this black-letter law, with which the EEOC is presumably intimately familiar, the EEOC admitted that standing and walking were essential functions of Ms. Wagoner-Alison's position.  In doing so, the EEOC should have recognized that it was effectively admitting that it could not prove a prima facie case based on TriCore's alleged refusal to accommodate Ms. Wagoner-Alison's disability to the extent that the disability prevented her from standing and walking.  The EEOC suggests that perhaps it should have answered TriCore's requests for admission differently, *see Response* at 12, but the record indicates that the EEOC's answers were truthful.  As such, the better approach would have been to stop litigating as soon as the EEOC realized that Ms. Wagoner-Alison was not able to perform essential functions of the position.  While TriCore submits that the EEOC should have known this early in its investigation, the Court is willing to give the EEOC the benefit of the doubt and presume that this was not clear until the EEOC served its answers to TriCore's requests for admission on April 8, 2010.

Similarly, the Court finds that the EEOC's discrimination claim was also frivolous, unreasonable and without foundation.  The EEOC did not meaningfully dispute the fact that Ms. Wagoner-Alison committed numerous errors in her data entry position during the period that TriCore voluntarily accommodated her disability.  Moreover, the EEOC never offered evidence in this case to indicate that TriCore or Ms. Wagoner-Alison's individual supervisors treated her

differently from other employees based on her disability.  Although the EEOC should perhaps have recognized the lack of evidence of discrimination earlier, the Court finds that the EEOC should have been aware that its discrimination lacked merit no later than June 4, 2010, when TriCore set out the deficiencies in the EEOC's case by letter.

IT IS THEREFORE ORDERED that Defendant TriCore Reference Laboratories' *Motion for Order Deeming the EEOC's Claims as Frivolous, Unreasonable, or Without Foundation* (Doc. 97), filed February 23, 2011, is GRANTED.  Thus, the Court will exercise its discretion to award Defendant its reasonable attorney's fees upon proper application, which shall be made within fifteen (15) days of entry of this Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:
Gwendolyn Young Reams, Esq.
James L. Lee, Esq.
Washington, D.C.

Mary Jo O'Neill, Esq.
Nancy E. Griffiths, Esq.
Richard I. Sexton, Esq.
Sally C. Shanley, Esq.
Phoenix, AZ

Counsel for Defendant:
Alex Cameron Walker, Esq.
Lisa Mann, Esq.
Albuquerque NM