IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,**

       **Plaintiff,**

v.                                                                         No. 09-CV-956 JEC/DJS

**TRICORE REFERENCE LABORATORIES,**

       **Defendant.**


**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant TriCore's Application for Attorneys' Fees, filed May 11, 2011 (Doc. 117)("Motion for Fees").  Having considered the motion, the parties' briefs, the governing authority, and being otherwise fully advised, the Court finds Defendant's Motion for Fees well-taken and it will be granted.

**I.**      **Background**

The facts of this case are contained in the record and do not bear repeating in their entirety here.  In sum, Plaintiff Equal Employment Opportunity Commission ("EEOC") brought an unsuccessful claim on behalf of Rhonda Wagoner-Alison pursuant to the Americans With Disabilities Act, 42 U.S.C. §§ 12102-12213 ("ADA"), against Wagoner-Alison's former employer, TriCore Reference Laboratories ("TriCore"), alleging that TriCore had failed to reasonably accommodate her disability and that TriCore unlawfully terminated her employment in retaliation for her having requested reasonable accommodations.  *Pre-Trial Order* (Doc. 92) at 4.  The Court granted summary judgment in TriCore's favor, finding that the EEOC had offered

no competent summary judgment evidence to refute TriCore's evidence that it provided reasonable accommodation to Ms. Wagoner-Alison, even beyond its legal obligations, and that Wagoner-Alison's failure to perform her duties adequately was the legitimate, nondiscriminatory reason for Plaintiff's termination.

Following dismissal of the EEOC's claims on summary judgment, TriCore moved the Court for a finding that the claims brought were frivolous, unreasonable or without foundation, and the Court granted the motion.  *See* Docs. 97, 113.  Subsequently, TriCore filed its present Motion for Attorneys' Fees, seeking a specific dollar amount in fees and supporting its request with documentation.  In its Response to TriCore's Motion for Attorneys' Fees, the EEOC reiterates its opposition to the Court's finding of frivolousness – arguments the Court has already considered and rejected – but fails to challenge any aspect of the actual fees sought.  In fact, the EEOC states that it "reviewed the time records submitted with Defendant's application for Attorneys' Fees and *does not dispute the reasonableness of the time entries for this case*," but reasserts that "the EEOC believes an award of fees in any amount is unwarranted."  Plaintiff EEOC's Opposition to TriCore's Application for Attorney' Fees at 1, fn. 1 (Doc. 121)(emphasis added).

**II.    Discussion**

    **A.    Attorneys' Fees**

The ADA provides, in pertinent part:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.  Tenth Circuit has held that claims for attorney's fees pursuant to the ADA

should be treated the same as such claims made pursuant to Title VII. *Roe v. Cheyenne Mountain Conf. Resort, Inc.*, 124 F.3d 1221, 1232 (10th Cir. 1997). "[A] district court may in its discretion award attorney's fees to a prevailing *defendant* in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)(emphasis added). Where a claim is initially viable but later becomes frivolous, unreasonable, or groundless, yet the plaintiff continues to pursue it, attorney's fees may also be properly awarded. *See id.*

Beyond obtaining a judicial determination that the plaintiff's action was frivolous, unreasonable, or without foundation, a defendant applying for fees under 42 U.S.C. § 1988(b) must also prove two standard elements: (1) that the claimant was the prevailing party in the proceeding; and (2) that the claimant's fee request is reasonable. *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998). Here, there is no dispute that TriCore is the prevailing party, TriCore having successfully moved the Court for summary judgment in its favor on each of the EEOC's claims, which claims were dismissed in their entirety with prejudice. *See* Doc. 96. Further, TriCore presently provides unrefuted evidence that the fees it seeks are reasonable, in the form of Affidavits from Lisa Mann and Barbara Stevenson, and time records kept in the course of the litigation. *See* Motion, Exs. A, B, 1. "Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as contemplated by Section 1988." *Robinson v. City of Edmond*, 160 F.3d at 1281.

The EEOC mounts no challenge to the billing rates or number of hours expended by legal counsel and staff on behalf of TriCore in defending this lawsuit. Instead, the EEOC concedes

the reasonableness of the fees and devotes its entire response attempting to re-litigate an issue this Court has already ruled on.  Notably, the EEOC does not properly move the court to reconsider its prior ruling, or offer any legitimate grounds upon which it might successfully do so.  The arguments made and law cited in the EEOC's response to the present Motion are virtually identical to those the Court previously considered and rejected.

In sum, the Court having previously determined that the action was frivolous, and TriCore having presently established that it is the prevailing party and its fees are reasonable, the Court will award TriCore the fees and gross receipts taxes it incurred in defense of this action from April 9, 2010 through June 6, 2011, in the amount of $140,571.62, pursuant to 42 U.S.C. § 12205.  *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)("Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as contemplated by Section 1988.").

WHEREFORE,

**IT IS ORDERED** that Defendant TriCore's Application for Attorneys' Fees, filed May 11, 2011 (Doc. 117) is **GRANTED** in the amount of $140,571.62;

Dated October 26, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE