IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff.

vs.                                                   NO. 09-CV-956 JEC/DJS

TRICORE REFERENCE LABORATORIES.

        Defendant.

### ORDER GRANTING DEFENDANT'S APPLICATION FOR APPELLATE ATTORNEYS' FEES PLUS POST-JUDGMENT INTEREST ON FEES PREVIOUSLY AWARDED BY THIS COURT

THIS MATTER is before the Court on *Tricore's Application for Appellate Attorneys' Fees Plus Interest on Fees Already Awarded* (Doc. 142) ("Motion"). Having considered the Motion, the governing authority, and the record, the Court will grant the Motion as set forth herein.

On February 27, 2011, the Court issued its Memorandum Opinion and Order granting TriCore's Motion for Summary Judgment and dismissing the EEOC's claims against TriCore in their entirety with prejudice. Doc. 96. On April 27, 2011 the Court issued its Memorandum Opinion and Order determining that the claims brought by the EEOC were frivolous. Doc. 113. October 26, 2011, the Court issued its Memorandum Opinion and Order granting TriCore's Application for Attorneys' Fees in the unchallenged amount of $140,571.62 and stating, in pertinent part, "[i]n sum, the Court having previously determined that the action was frivolous, and TriCore having presently established that it is the prevailing party and its fees are reasonable, the Court will award TriCore the fees and gross receipts taxes it incurred in defense of this action from April 9, 2010 through June 6, 2011, in the amount of $140,571.62, pursuant to 42 U.S.C. § 12205." Doc.

133 at 4.

The EEOC appealed this Court's merits and fees rulings to the Tenth Circuit Court of Appeals ("Tenth Circuit"). *See* Notice of Appeal, Doc. 135. On August 16, 2012, the Tenth Circuit entered its Order and Judgment affirming this Court's summary judgment disposition and award of attorneys' fees against the EEOC . See Doc. 141. On October 1, 2012, the EEOC sought rehearing *en banc* before the Tenth Circuit and on October 26, 2012, the Tenth Circuit denied the EEOC's petition for rehearing. *See* Doc. 142 at 1.  By separate motion in EEOC's appeal No. 11-2096 ("merits appeal"), TriCore moved the Tenth Circuit for damages and costs pursuant to Fed. R. App. P. 38. 9. The Tenth Circuit exercised its discretion to award fees and costs related to EEOC's merits appeal in an amount to be determined by this district court upon proper proofs. *Id.*

Accordingly, the Tenth Circuit has already determined that TriCore is entitled to its appellate fees pertaining to Appeal Number 11-2096. Further, TriCore has submitted proof in the form of an Affidavit by attorney Lisa Mann, along with billing records, and at the close of briefing on the instant Motion, the parties agree that the proper amount of appellate fees owed is $21,179.20 and the EEOC makes no challenge to TriCore's billings.[1] *See* Doc. 142, Ex. B (Mann Aff.); Doc. 143 at 1,11 (Response); Doc. 144 at 1 (Reply). The Court has also independently reviewed the pleadings and exhibits, finding that the claimed rate and number of hours is reasonable in addition to being unchallenged. "Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as

---

[1] Where TriCore initially requested appellate fees in the amount of $33,020.20, an amount encompassing all appeal-related attorneys' fees incurred from May 6, 2011 through August 20, 2012. Recognizing (upon reviewing the EEOC's Response to its Motion) that it was entitled to fees related to only one of the three appeals taken by the EEOC, in its Reply brief TriCore adjusted the amount requested to the agreed-upon sum of $21,179.20.

contemplated by Section 1988." *Robinson v. City of Edmond*, 160 F.3d at 1281.

Next, TriCore requests interest on the $140,571.62 fees award this Court previously granted and which award the Court of Appeals has now affirmed. The Court notes that the EEOC does not object to TriCore's request for interest on this award, nor could it successfully challenge such an award in view of this Court's prior ruling. The Court will grant TriCore's application in this respect.

Finally, TriCore seeks an award of post-judgment interest on the $6,720.30 in costs this Court taxed to the EEOC on March 14, 2011 (Doc. 100). The EEOC does not object and, indeed, when granting the EEOC's motion for stay of execution of costs pending appeal, the Court stated that "[w]here the EEOC has now successfully moved the Court to delay payment of costs, however, the EEOC will be subject to post-judgment interest on the costs at the statutory rate from March 14, 2011, as would a private individual, if this Court's rulings are undisturbed following the EEOC's related appeals." Doc. 134 at 1. *See* 42 U.S.C. § 12205.

WHEREFORE,

**IT IS ORDERED** that *Tricore's Application for Appellate Attorneys' Fees Plus Interest on Fees Already Awarded* [Doc. 142] is **GRANTED** such that:

I. **TriCore is entitled to recover from the EEOC $21,179.00 in appellate attorneys' fees related to Appeal No. 11-2096;**

II. **TriCore is entitled to recover from the EEOC interest on this Court's previous $140,571.62 attorneys' fees award and such interest shall accrue from October 26, 2011 and be calculated at the statutory rate;**

III. **TriCore is entitled to recover from the EEOC post-judgment interest at the statutory rate on this Court's March 14, 2011 award of costs.**

_____
UNITED STATES DISTRICT JUDGE

3